UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JONATHAN BLAIR-HANSON, | Case No. 19-CV-2195 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| SUSAN JOHNSON, JENSINA ROSEN, and AARON ENGLESON, | |
| Defendants. | |

*Pro se* plaintiff Jonathan Blair-Hanson has been civilly committed to the Minnesota Sex Offender Program ("MSOP"). He filed this civil rights action after a piece of mail from his attorney was opened outside of his presence. (ECF No. 1 ("Compl.").) Defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12.) In a Report and Recommendation issued May 22, 2020, United States Magistrate Judge Tony N. Leung recommends granting Defendants' motion to dismiss the complaint and dismissing the action without prejudice. (ECF No. 27 ("R&R") at 16.) Plaintiff filed objections to the R&R, and Defendants filed a response to those objections. (ECF Nos. 28, 29.) Having conducted a *de novo* review of Plaintiff's objections, and for the reasons below, the Court overrules the objections, accepts the R&R, grants the motion to dismiss the complaint, and dismisses the action without prejudice.

## BACKGROUND

The undisputed facts are set forth in the R&R and are incorporated by reference. In short, Plaintiff alleges that a piece of mail from his attorney, "J. Scott Braden, P.A.," was opened outside of his presence in violation of the First, Fourth, and Fourteenth Amendments of the United States Constitution. (Compl. ¶ 9, 11.) Defendants are current and former employees of MSOP who responded to client request forms sent by Plaintiff, who asked why his legal mail had been opened outside of his presence. (*Id.* ¶¶ 9–13.) In response to Plaintiff's inquiries, Defendants explained that the piece of mail had not been clearly marked as legal mail as required by MSOP policy.[1] (*Id.* ¶¶ 11–13.) Plaintiff alleges that if Defendants had checked the MSOP approved privileged call list, which includes "Braden, J. Scott," they would have realized that the mail from "J. Scott Braden, P.A." was legal mail. (*Id.* ¶ 14; *see* ECF No. 22 at 2.) The complaint asserts that Defendants applied MSOP's client mail policy and approved call list in an unconstitutional manner. (Compl. ¶ 17.)

---

[1] MSOP's client mail policy provides that designated MSOP staff "opens the privileged client mail in the client's presence." (ECF No. 15-1 at 8.) Privileged mail includes legal mail (*id.* at 2), which in turn includes correspondence to or from "verified attorneys and established groups of attorneys involved in representing clients in judicial proceedings. The destination or return address must clearly indicate it is to or from one of these sources to qualify as legal mail." (*Id.* at 1.)

2

## ANALYSIS

According to statute, the Court must conduct a *de novo* review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b)(3).

### I.  Legal Mail

Though the recommendation from Judge Leung does not rest on whether the opened mail was "legal mail," Judge Leung found it "questionable whether Plaintiff has alleged sufficient facts from which it can be inferred that the piece of mail at issue in this case was constitutionally protected legal mail." (R&R at 8.) Plaintiff objects to this suggestion, maintaining that his complaint alleges that his legal mail was opened outside his presence in violation of his constitutional rights. (ECF No. 28 ("Pl's Obj.") at 3–4.) "[P]rivileged prisoner mail, that is mail to or from an inmate's attorney *and identified as such*, may not be opened for inspections for contraband except in the presence of the prisoner." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (quoting *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997), emphasis added). Here, the Magistrate Judge reasoned that allegations of the "P.A." designation on the mail and Braden's inclusion on the MSOP's approved call list may not be sufficient to indicate that the mail was from an attorney. (R&R at 8–11.)

This issue, while objected to, does not matter to the outcome of the case. The R&R assumes for the purpose of Defendants' motion that the mail from "J. Scott Braden, P.A."

3

*was* legal mail. (*Id*. at 11.) Like Judge Leung, the Court will treat the piece of mail in question as legal mail for the purposes of the motion. Plaintiff's objection to the suggestion that the complaint may not sufficiently allege that the piece of mail is legal mail is therefore overruled as moot. *See generally Munt v. Larson*, No. 15-CV-582 (SRN/SER), 2016 WL 4435671, at *4 (D. Minn. Aug. 19, 2016) (overruling objection to magistrate judge's comments on plaintiff's failure to conform to procedural requirements as moot because magistrate judge nevertheless considered the merits of the motion).

**II.   Single Instance of Opened Mail**

Plaintiff objects to the R&R's conclusion that one instance of the opening of legal mail is insufficient to state a claim. (R&R at 11–13.) He cites caselaw from other circuits holding that "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." (Pl's Obj. at 5 (quoting *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009).) Generally, the opening of legal mail by prison officials outside the presence of the intended recipient may violate the inmate's constitutional rights. *See, e.g., Powells v. Minnehaha Cty. Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam). Equally clear, however, is the rule that "an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation." *Beaulieu*, 690 F.3d at 1037 (quoting *Gardner*, 109 F.3d at 431).

4

The R&R correctly noted that the complaint only alleges a single instance of legal mail opened outside of Plaintiff's presence. Upon careful review of the complaint, the Court finds no factual allegations describing circumstances from which it could reasonably infer that Defendants opened Plaintiff's legal mail outside of his presence on more than one occasion. *See Blevins v. Pearson*, No. 18-CV-2270 (DSD/DTS), 2018 WL 6814183, at *4 (D. Minn. Nov. 30, 2018), *R&R adopted*, 2018 WL 6807391 (D. Minn. Dec. 27, 2018) (dismissing constitutional claim against defendant allegedly responsible for opening legal mail on only one occasion where there was no allegation of intent or resulting harm). The complaint's conclusory allegations that Defendants "continued to open Plaintiff's legal mail outside his presence," have done so "on numerous occasions," and follow a "pattern of Defendants' opening Plaintiff's Legal Mail . . . outside of Plaintiff's presence," are unsupported by any alleged facts. (Compl. ¶¶ 14, 15, 17.) As such, the conclusory allegations do not pass muster under Rule 12(b)(6). *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). The Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id*.

In his objection, Plaintiff asserts he can show that Defendants had an ongoing practice, pattern, or policy of opening legal mail outside the presence of the addressee. (Pl's Obj. at 6.) In considering a motion to dismiss, the court is limited to allegations in

the complaint and materials embraced by pleadings. *Glick*, 944 F.3d at 717. Even if the Court were to consider Plaintiff's assertion as an attempt to amend his complaint, the motion would be denied as futile. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) ("A district court . . . may properly deny a party's motion to amend its complaint when such amendment . . . would be futile."); *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denying a motion for leave to amend based on futility means the court concludes that the proposed amendment could not withstand a Rule 12(b)(6) motion). In his objection, as in the complaint, Plaintiff does not allege any facts supporting his conclusory allegations of an ongoing pattern or practice of opening legal mail outside the presence of addressees.[2] This objection is therefore overruled.

### III.     Prejudice

As noted above, an "isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation." *Beaulieu*, 690 F.3d at 1037 (citing *Gardner*, 109

---

[2] Plaintiff also asserts that the complaint adequately alleges "the threatened repetition of the violation since [Plaintiff] alleged that Defendants personally informed him that if he continued to grieve the violation, he would be given a BER [Behavioral Expectations Report]. *See generally Complaint*." (Pl's Obj. at 8.) The complaint contains no allegations of retaliation or reference to Defendants filing or threatening to file BERs against Plaintiff. Nor does Plaintiff's opposition brief provide any factual allegations supporting an inference that Defendants retaliated against him. *See Stabnow v. Lourey*, No. 19-CV-1664 (NEB/HB), 2020 WL 4513022, at *6 (D. Minn. Mar. 16, 2020), *R&R adopted*, 2020 WL 2093260 (D. Minn. Apr. 30, 2020) (denying plaintiff's motion to amend due to lack of factual allegations supporting claim that defendants filed BERs against plaintiff in retaliation of his initiating grievances against staff for MSOP policy violations).

6

F.3d at 431). In *Beaulieu*, several MSOP patients filed a lawsuit under 42 U.S.C. § 1983 based in part on the opening of their legal mail outside of their presence. *Id*. at 1036–37. The Eighth Circuit held that "[t]o assert a successful claim for denial of meaningful access to the courts an inmate must demonstrate that he suffered prejudice from the inadvertent opening of legal mail." *Id*. at 1037 (cleaned up). The Eighth Circuit affirmed the district court's grant of summary judgment for the defendants because the MSOP patients "provided no evidence that any inadvertent openings of their legal mail resulted in actual prejudice." *Id*. It noted that "absent an articulation of how the alleged wrongful conduct [of opening the MSOP patients' legal mail] actually blocked the Patients' access to filing a complaint, or caused a filed complaint to be deficient, the Patients' alleged injuries are merely speculative." *Id*. (cleaned up).

Plaintiff attempts to distinguish *Beaulieu*, arguing it was expressly limited to specific facts in that case, and was decided on a motion for summary judgment, rather than at the Rule 12(b)(6) stage. (Pl's Obj. at 10.) The Court disagrees. Like this case, *Beaulieu* involved the inadvertent openings of legal mail outside of the presence of MSOP patients. (R&R at 14.) And the fact that *Beaulieu* addressed the opening of mail at the summary judgment stage is a distinction without a difference. *See generally King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018) (rejecting plaintiff's attempt to distinguish a case decided at the summary judgment stage because the case was relied on for "a legal conclusion unaffected by the stage of the litigation"). Unlike the MSOP patients in

*Beaulieu*, Plaintiff is not required to prove actual injury at this stage of litigation. But he does need to plead facts from which the Court could reasonably infer that he "suffered prejudice from the inadvertent opening of legal mail." *Beaulieu*, 690 F.3d at 1037.

Here, the R&R found that Plaintiff has not pled facts from which the Court could reasonably infer that the single occurrence of opening his legal mail (1) was driven by Defendants' improper motive, (2) interfered with his right to counsel, or (3) interfered with his access to the courts. (R&R at 14–15.) Plaintiff does not deny that his complaint fails to allege any improper motive or access to the courts. Rather, he maintains that his injury is "that his right to privately confer with counsel has been chilled." (Pl's Obj. at 7 (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014).) In *Nordstrom*, the Ninth Circuit held that "allegations that prison officials read [the plaintiff's] legal mail, that they claim entitlement to do so, and that his right to private consultation with counsel has been chilled state a Sixth Amendment claim." 762 F.3d at 911.[3] There, the death row plaintiff alleged that when he sought to send a confidential letter to his lawyer, a prison guard actually read the letter, rather than merely scanning and inspecting it for contraband. *Id*. at 906. When the plaintiff protested that the letter was a confidential attorney-client communication and should not be read, the guard told him to "go pound sand." *Id*. The

---

[3] *See generally Foster v. Helling*, 210 F.3d 378, *1 (8th Cir. 2000) (per curium) (finding plaintiffs alleged a First Amendment claim where defendants read and inventoried his legal mail in connection with a cell search, and told plaintiff his legal mail could be read outside of his presence).

8

Court finds *Nordstrom* to be distinguishable because here, Plaintiff has not alleged that Defendants read his legal mail or claimed they were entitled to do so. (*See* R&R at 15.) Rather, he alleges that a single piece of legal mail was opened outside of his presence, and Defendants' alleged responses to his inquiries indicate any opening of legal mail was unintentional.

Moreover, the Court is persuaded that a plaintiff's "assertion that he felt unable to freely correspond with his lawyer, even if accepted by a jury, simply does not rise to the level of a Sixth Amendment violation" where he does not allege a loss of counsel's assistance from interference with his legal mail. *Thomsen v. Ross*, 368 F. Supp. 2d 961, 974 (D. Minn. 2005) (citing *Lewis v. Cook Cty. Bd. of Comm'rs,* 6 Fed. Appx. 428, 430 (7th Cir. 2001) (affirming dismissal for failure to state a claim where plaintiff alleged nine pieces of legal mail were opened, causing no prejudice to legal claims but prompting plaintiff to suffer "chilling effects, stomach pains, insomnia, and fear at the denial of his right to attorney-client privilege")); *see also Beaulieu*, 690 F.3d at 1037 (holding that a claim based on interference with access to the courts requires an inmate to demonstrate "prejudice from the inadvertent opening of legal mail"). While Plaintiff complains that his right to counsel has been "chilled," he does not allege that he suffered any loss of counsel's assistance due to the single instance of his legal mail being opened outside of his presence. Without factual allegations from which the Court could reasonably infer that

this single instance interfered with his right to counsel, Plaintiff's alleged injury is merely speculative.

Plaintiff also argues that he is not required to "show any actual injury beyond the free speech violation itself to state a constitutional claim." (Pl's Obj. at 7 (quoting *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008)).) In *Al-Amin v. Smith*, the Eleventh Circuit distinguished between an access-to-courts claim, which requires an "actual injury," and a freedom-of-speech claim, which does not require showing an actual injury. 511 F.3d at 1332–34.[4] However, *Al-Amin* addressed whether the "'pattern and practice' of opening attorney mail outside the inmate's presence 'interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech.'" *Id*. at 1334 (quoting *Jones v. Brown*, 461 F.3d 353, 359–60 (3d Cir. 2006)). Other cases cited by Plaintiff similarly require a pattern or practice of opening legal mail outside of the inmate's presence to establish a First Amendment free speech violation when there is no showing of actual injury. *See, e.g.*, *Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) ("Prisoners may establish a violation

---

[4] Another district court in this Circuit has acknowledged the difference between these constitutional rights in terms of what must be proven to establish a violation:
> [T]he Supreme Court held in *Lewis v. Casey*, 518 U.S. 343, 353 (1996) that an "actual injury" is a constitutional prerequisite for an access-to-courts claim. *See also Hartsfield v. Nichols*, 511 F.3d [826, 831–32 (8th Cir. 2008)]. The same is not the case for a First Amendment "free speech" violation. *E.g., Al–Amin v. Smith*, 511 F.3d at 1333; *see Royal v. Kautzky*, 375 F.3d 720, 723–724 (8th Cir. 2004).

*Moore v. Hoeven*, No. 1:08-CV-028, 2008 WL 1902451, at *10 n.12 (D.N.D. Apr. 28, 2008).

of the First Amendment without establishing an actual injury where there is a pattern and practice of opening properly marked incoming legal mail outside the prisoner's presence.") (citing *Jones*, 461 F.3d at 359); *McKinney v. Asst. Superintendent George Robinson*, No. CV 16-4460 (FLW), 2016 WL 7189832, at *2, *4–*6 (D.N.J. Dec. 12, 2016) (dismissing a Fourteenth Amendment access-to-courts claim based on a prison official's interference with legal mail for failure to allege actual injury, and permitting a First Amendment freedom of speech claim to proceed, where the complaint "detail[ed] a number of occasions on which [plaintiff] received legal mail that had been opened outside of his presence"); *see also Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) (relying on *Al-Amin* and *Nordstrom* to find plaintiff had alleged a First Amendment claim where defendants opened his legal mail outside of his presence on two separate occasions, thereby chilling his right to privately confer with counsel). As explained above, the complaint does not include factual allegations supporting an inference of a pattern or practice. With allegations of only one such occurrence, Plaintiff's constitutional claims fail for lack of improper motive or interference with his right to counsel or access to the courts. *See Beaulieu*, 690 F.3d at 1037; *Gardner*, 109 F.3d at 431.

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Objections (ECF No. 28) are OVERRULED;

2. The Report and Recommendation (ECF No. 27) is ACCEPTED;

3. The Motion to Dismiss Plaintiff's Complaint (ECF No. 12) is GRANTED; and

4. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 31, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge